The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Medical records from chiropractor Falk marked as stipulated exhibit 1 were received into evidence.
3. Medical receipts marked as stipulated exhibit 2 were received into evidence.
4. A recorded interview marked as stipulated exhibit 3 was received into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a forty-six year old male who had been employed as an electrician by the defendant-employer for less than one week prior to the alleged injury on 19 October 1997. Plaintiff had a prior history of back problems after falling from a ladder, but he has never sought treatment from a physician.
2. On 19 October 1996, plaintiff testified that he was performing his regular job duties when he picked up some reels of wire and experienced some pain in his back. Plaintiff claimed that he did not report this incident immediately because he did not think his back pain was serious, and he continued to work the rest of the day. By the time he got home that evening, plaintiff claims that his back had become so stiff that he had to be assisted by his wife to get out of his vehicle.
3. Despite claiming that he experienced pain so great that he could not get out of his vehicle on his own accord on the evening of 19 October 1996, plaintiff was able to attend a Reba McIntyre concert the following evening and did not report any work-related back problems when he called in sick on 21 October 1996.
4. During the week of 21 October 1996, plaintiff did not report to Dennis Cribs in the presence of his supervisor, Steve Parrington, that he had injured his back at the job site.
5. On 24 October 1996, plaintiff sought medical treatment from chiropractor Ira Edwards as opposed to seeking treatment from a physician. Chiropractor Edwards reported in a letter dated 27 March 1997 that plaintiff first entered his office for the consultation, examination and treatment of symptoms the onset of which was gradual. The reason for the onset of these symptoms was not known. On the other hand, plaintiff testified that his back pain followed immediately after lifting reels of wires.
6. Plaintiff reported to Chiropractor Edwards that he had fallen from a ladder over sixteen years ago and had experienced residual pain with infrequent exacerbations. Plaintiff reported that sometimes he had risen from bed or gotten out of a car and it would be days before he could straighten his back. On the other hand in the 17 January 1997 recorded interview with Debbie Jackson, plaintiff reported that he had never had a prior back injury.
7. During his deposition testimony, Chiropractor Edwards testified plaintiff "told me that he fell on a ladder," however, I may have confused whether it was sixteen years ago he fell on the ladder or whether he fell on the job sixteen years ago. I apologize; that's my fault for poor notetaking. Counsel for the defendants then inquired as to whether the plaintiff told him during his first visit that anything at all happened on the job. Chiropractor Edwards responded, "He — he was injured; that's what he told me. And I believe he was injured from a fall (sic). Now, whether it was off the ladder or not, I do not know." This testimony along with the 27 March 1997 letter reveals that Chiropractor Edwards had no specific knowledge that plaintiff was claiming that he injured himself while picking up reels of wire.
8. Plaintiff made no specific inquiry during the depositions of either Chiropractor Edwards or Chiropractor Falk as to whether the lifting of the reels of wire could or might have caused plaintiff's back condition.
9. There is insufficient expert medical evidence of record to support a finding that the incident involving a lifting of reels of wire as described by the plaintiff could or might have caused the plaintiff's back condition treated by Chiropractor Edwards and Chiropractor Falk. There is insufficient expert medical evidence of record to support a finding that the incident involving a lifting of reels of wire as described by the plaintiff could or might have aggravated plaintiff's pre-existing back condition treated by Chiropractor Edwards and Chiropractor Falk.
10. After having an opportunity to observe the plaintiff's testimony, the Full Commission is unable to reconcile the inconsistencies in the record to support a finding that plaintiff was credible with regard to his claim that he sustained a work-related injury while employed with the defendant-employer.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to show by the greater weight of the evidence that he sustained a work-related injury on 19 October 1996 while employed with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay the costs.
3. Defendants shall pay expert witness fees in the amount of $90.00 to Chiropractor Falk and $90.00 to Chiropractor Edwards.
This the ___ day of August 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ RENEE C. RIGGSBEE COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER